UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| P.M. SHIPPING DE PANAMA, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION C-05-310 |
| | § | |
| M/V CARIBE BULKER, et al, | § | ADMIRALTY |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## ON DEFENDANT'S MOTION FOR AN EXPEDITED HEARING

### Background

Plaintiff P.M. Shipping de Panama, S.A., owner of the M/V TERRY UNO, invoked the admiralty jurisdiction of the court in this suit against the defendant Transatlantic Cement Carriers, Inc. ("Transatlantic"), owner of the M/V CARIBE STAR, which collided with the M/V TERRY UNO in the Caribbean Sea on June 10, 2005 (D.E. 13 @ ¶ 21, D.E. 1, 15 @ ¶ V).  The M/V TERRY UNO sank and the vessel and its cargo were a total loss (D.E. 13 @ p. 3; D.E. 15 @ ¶ V). Plaintiff alleges that the collision and loss sustained by it were the result of the fault, neglect and/or breach of obligation by the M/V CARIBE STAR and the defendant Transatlantic[1] (D.E. 15 @ ¶ V).

Because defendant Transatlantic, a foreign corporation not amenable to service of process in this jurisdiction (D.E. 15 @ ¶ III) , also owns the defendant M/V CARIBE BULKER (D.E. 15 @ ¶ III), which was found in the Southern District of Texas and docked at the Port of Corpus Christi (D.E. 15 @ ¶ IV), plaintiff sought and obtained a warrant to arrest the M/V CARIBE

---

[1] Plaintiff also sued defendant Cementos Del Caribe S.A., a Columbian corporation, which operates and manages the M/V CARIBE BULKER (D.E. 15 @ p.2).

BULKER pursuant to Rule B(1)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The charterer for the M/V TERRY UNO[2] and the owner of cargo[3] aboard the vessel at the time it sank have filed complaints in intervention and have also sought and received warrants to arrest the *in rem* defendant, the M/V CARIBE BULKER pursuant to Rule B(1)(a) (D.E. 6, 9, 10, 14, 8).

On June 30, 2005, defendant Transatlantic moved for dismissal of the complaint based upon the doctrine of *forum non conveniens* and for an expedited hearing (D.E. 13). In its motion to dismiss, defendant requests vacation of the orders of attachment/arrest as a consequence of the dismissal (D.E. 13 @ p. 20). A hearing has been scheduled for Wednesday, July 13, 2005. Nowhere in its request for an expedited hearing did defendant Transatlantic cite Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims or any constitutional due process concerns concerning its need for an immediate hearing. For the first time on July 7, 2005, in an oral statement to the case manager for the District Court, and during a conference call held before undersigned United States Magistrate Judge, counsel for defendant Transatlantic claimed his client was being denied constitutional due process and the right to a prompt hearing pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The District Court referred this issue to undersigned for a recommendation on the limited issue of whether defendant Transatlantic was entitled to an immediate hearing.

---

[2] Intervenor Associated Transport Line, L.L.C. was the charterer of the M/V Terry Uno (D.E. 6 @ ¶ III).

[3] Intervenors Omai Gold Mines Limited and Rosebel Gold Mines N.V. owned the cargo aboard the M/V Terry Uno at the time of the collision (D.E. 14 @ pp. 4-5).

### Jurisdiction

The District Court has admiralty jurisdiction.  28 U.S.C. § 1333.

### Applicable Law

"Supplemental Rule B attachment has the dual purpose of obtaining security for the satisfaction of a judgment as well as obtaining personal jurisdiction over a defendant."  *Linea Navira de Cabotaje v. Mar Caribe de Navegacion,* 169 F.Supp.2d 1341, 1351 (M.D. Fla. 2001) (citing *Swift & Co. Packers v. Compania Colombiana Del Caribe,* 339 U.S. 684, 693, 70 S.Ct. 861 (1950); *Venus Lines v. CVG Industria, Venezolana de Aluminio,* 210 F.3d 1309, 1312 (11th Cir. 2000)).  Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides for a post-arrest or attachment hearing when requested:

> (f) *Procedure for Release from Arrest or Attachment.*  Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.
> . . .

In the commentary following the rule, the Advisory Committee notes that this section codified the right to a post-seizure hearing which has always been available by motion, and emphasized the need for promptness.  "Rule E(4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to the shipowner a prompt post-seizure hearing at which he can attack the complaint, the security demanded or any other alleged deficiency in the proceedings."   Rule E(4)(f), advisory committee's notes.  The function of the expedited post-arrest hearing is to afford due process to the shipowner whose vessel has been arrested without a prearrest hearing. *Amstar Corp. v. S/S Alexandros T.*, 664 F.2d 904, 910-12 (4th Cir. 1981). The person claiming an interest

in the arrested property must request the hearing. *Salazar v. Atlantic Sun*, 881 F.2d 73, 79 (3rd Cir. 1989).

Here defendant has not cited any deficiency in the complaint, the arrest/attachment, or in the proceedings. Defendant has not denied that it owns both the M/V CARIBE STAR and M/V CARIBE BULKER, nor has it requested a hearing to set the amount of security. Defendant has never stated that the court lacks jurisdiction over the property attached/arrested or over the subject matter of the suit, and has not alleged that the arrests/attachments were wrongful. In fact defendant admits that the court has jurisdiction, and asks the court to exercise its *discretion* to dismiss so that the case can be heard in a more convenient forum. Defendant has cited no authority which brings its motion to dismiss on grounds of *forum non conveniens* within Rule E(4)(f)'s requirement of a *prompt,* or immediate, hearing.[4]

In any event, a hearing has been scheduled for Wednesday, July 13, 2005, at 1:15 p.m. This hearing will be held within four business days of Defendant Transatlantic's July 7th oral request for a prompt Rule (E)(4)(f) hearing. *See Salazar*, 881 F.2d at 77 (approving of local rules requiring a hearing three court days after requested). Defendant will receive its prompt hearing.

---

[4] Even if this court were to grant the motion to dismiss on grounds of *forum non conveniens*, vacating the warrant of arrest/writ of attachment does not necessarily follow. The district court retains authority to order the posting of security. *See Transportes Caribe, S.A. v. M/V Feder Trader*, 860 F.2d 637, 639 (5th Cir. 1988) (after staying a case pending arbitration, the district court retained jurisdiction to set countersecurity). The court has jurisdiction over the M/V CARIBE BULKER by virtue of its presence in the district, and could retain jurisdiction for purposes of providing security to plaintiff and intervenors, in the event a judgment in their favor is obtained.

**RECOMMENDATION**

Based on the foregoing it is respectfully recommended that defendant's oral request for an immediate hearing pursuant to Rule E (4)(f) be denied.  Defendant will receive a prompt hearing on July 13, 2005.

Respectfully submitted this 8th day of July, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).